IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORETTA J. MORRIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WASEEM YOUNIS | : | NO. 06-2576 |

**MEMORANDUM**

Ditter, J.                                                                                                          May 17, 2007

       With an opinion and order dated May 3, 2007, I refused defendant's motion to dismiss plaintiff's complaint. At the same time, I granted plaintiff's motion to dismiss defendant's counterclaims. I will now explain my reasons for doing so.

       In her complaint, Loretta J. Morris alleged that she and the defendant, Waseem Younis, had agreed to purchase distressed Philadelphia buildings and, after their rehabilitation, sell or rent them. They agree that she provided almost all the necessary funds to purchase three such properties and that they formed separate Pennsylvania limited liability companies for each. Morris and Younis also agree that he would be responsible for the necessary work to carry out their plans. Morris brought this suit contending that Younis has failed to carry out his part of the bargain; she seeks a declaration that her ownership in each of the companies is proportionate to the capital she invested in them, an accounting, and the dissolution of the companies. Younis contends that it was always their agreement that ownership would be shared equally. In his counterclaims, Younis charges Morris with fraud and misrepresentation in Count I, and the breach of fiduciary duty in Count II. There is no merit in either of his assertions.

Count I

Fraud must be pled with particularity.  While Count I of the defendant's counterclaim fails this basic test, it does introduce into the art of pleading a new twist[1] – one that might be labeled "If" pleading or perhaps, more kindly, the "Conditional" pleading of fraud.  This is what defendant says of Morris:

> If at the time Plaintiff was investing in the LLCs, whether in the form of a loan or as equity, she had the then-present intent to attempt to usurp control of the LLCs and assert an ownership interest commensurate with the disproportionate monetary contribution between the two of them, then she fraudulently misrepresented her intention and wrongfully induced Younis to enter into a partnership with her.

*See Amend. Ans., Counterclaims* at ¶ 14.

There is no allegation that Morris ever did anything to question Younis' choice of the properties in which they would invest, whether the purchase prices were appropriate, how the properties would be developed, which contractors would be employed to do what and for how much, how and by whom the books were to be set up and kept, or that she took any part in any of these things.[2]  In short, there is no allegation that Morris did anything to usurp control of the LLCs – much less that she did so at some specified time or times and in a specified way or ways.

---

[1] At least new to me.

[2] Quite to the contrary, in ¶ 10 of his answer, Younis alleged, "The Plaintiff played no role in the decision to acquire the real estate assets owned by the LLCs."  In ¶ 27 he asserts, "It is admitted that Younis was solely responsible for managing the development of the LLC's assets."  He located the real estate and negotiated the agreement of sale for City Point Associates.  *See Amend. Ans.* at ¶¶ 59, 65.  Younis devoted "substantial time and energy" to the development of the properties.  *Id., Counterclaims* ¶ 9.  The closest Younis comes to alleging that Morris had anything to do with the management of the LLCs is found in ¶ 7 of his counterclaims where he says, "From July, 2004 through May 26, 2005, *one or the other* of the Plaintiffs agreed to purchase three tracts in Philadelphia . . ."  (Emphasis added).  Because this paragraph contradicts ¶ 10 of Younis' answer (above) and because there is only one plaintiff, I do not understand this allegation.

Just as the logical inference from action is intent, so the logical inference from Morris' failure to act demonstrates a lack of intent on her part to usurp control.

There is no allegation that until this suit was brought Morris ever asserted her ownership of the LLCs was proportionate to her investments of capital or for that matter, that Younis ever asserted that ownership was to be equally shared.

In short, the defendant has not plead anything but "If." A lonely "If" will not do to plead fraud.

Count II

In Count II of his counterclaim, Younis pleads that Morris breached her fiduciary duty to him and their LLCs by ceasing her funding of the LLCs.

The duties of a member in an LLC are defined by statute and do not include making unlimited contributions to capital at the beck and call of another member.

Where as here an LLC has no manager, the duties of a member are set forth in 15 Pa. C. S. §8943(a):

> [E]very member must account to the company for any benefit and hold as trustee for it any profits derived by him without the consent of the other members from any transaction connected with the organization, conduct or winding up of the company or any use by him of its property. This subsection may not be varied by any provision of the certificate of organization or operating agreement.

Younis has not alleged that Morris did not account to their LLCs for any benefit or profit she derived from any transaction connected with them. She had no other duty.

Younis' failure to allege that any promise by Morris to contribute to capital was in writing is fatal to his counterclaim. 15 Pa. C.S. §8931, **Contributions to Capital,** is specific:

> (b) **Enforceability.** – A promise by a member to contribute to a company is not enforceable unless set out in writing signed by the member.  This subsection may not be varied by any provision of the certificate of organization or operating agreement.

In summary, I dismissed Younis counterclaims because he has failed to come close to alleging fraud and misrepresentation or that Morris' refusal to provide additional funding to their ventures was a breach of any duty, much less a breach of fiduciary duty.

                BY THE COURT:

                  /s/ J. William Ditter, Jr.
                J. WILLIAM DITTER, JR., S.J.